MARY V. WILLIAMS v. REALTY DEVELOPMENT COMPANY.

Eastern Section. ——————— ——, ——.

Petition for Certiorari denied by Supreme Court. May 23, 1931.

Hartman & Hartman, and Donaldson & Montgomery, all of Knoxville, for plaintiff in error.

Joel H. Anderson and Sam E. Young, both of Knoxville, for defendant in error.

PORTRUM, J. This is a suit to recover a real estate agent's commission for the sale of a boundary of land.

The declaration contains three counts; the first alleges a contract of agency, the second attempts to show that it was not necessary for the agent to secure a license in order to make the sale by alleging that the transaction was an isolated transaction and that the owner had expressly agreed to secure a license for her, the third count alleges that the agent had in fact a license to do a real estate business. The defendant filed several pleas, one of which averred that the complainant was exercising a privilege without first securing a license.

The case was heard before the judge and a jury, and at the conclusion of all the evidence the defendant moved for a directed verdict. The court overruled this motion as to the first and second counts, but sustained it as to the third and last. The case was then submitted to the jury, who returned a verdict for the defendant,

and the plaintiff filed a motion for a new trial, which was over-ruled, and prosecuted an appeal to this Court.

There are two assignments of error, the first, that there is no evidence to support the verdict, and, second, that the court erred in directing a verdict upon the third count.

We think the first assignment was made in aid of the second one, because there was evidence necessary for the judge to submit to the jury the issues raised under the first and second counts of the declaration. The effect of the holding of the judge upon the third count is that the plaintiff was exercising a privilege without payment of a license as required by the law. Now, is there any evidence to the contrary?

The Public Acts of 1925, Chap. 134 (page 466) defines a real estate dealer as follows:

"Each person, whether as agent, individually, a member of a firm, or an employee of a firm, syndicate or corporation, engaged in the business of selling or buying real estate for others or soliciting to sell or buy the same, or endeavoring to make sales or purchases of such property, for commission or otherwise, shall pay therefor a privilege tax as follows."

The plaintiff's evidence shows that she was engaged to sell the property in question for the owner upon a commission of five per cent, and that she endeavored to make a sale of the property as a whole and in parcels. She solicited prospective purchasers to buy by personal interviews and by publication in the newspapers. The purchaser of the property, which was sold for a purported consideration of $75,000, was procured by the plaintiff for the owner. She entered into the agreement to sell as agent, and began soliciting prospective purchasers in 1924, and in this year she first interviewed the prospect who finally became the purchaser. She again solicited him in 1925 and in 1926 when in September he made the contract of purchase. Therefore, she was engaged in soliciting purchasers to buy and endeavoring to make sale of the property in the years 1924, 1925 and 1926. She secured a license to do a real estate business in December of 1926, which was three months after the sale in question, but before the institution of the suit.

She relies upon Section 14 of the Revenue Act, supra, to relieve her from the liability incurred in carrying on a real estate business without a license. The material portion of this section provides:

"Provided, that no suit brought by any person, firm or corporation, or association, exercising any of the privileges defined and declared by this act shall be dismissed or defeated because of or on account of the fact that such person, firm or corporation, or association, had not paid the privilege tax on such privilege as herein re-

quired at the time the cause of the suit occurred, and if such person, firm or corporation, or association, shall have, before the institution of such suit, paid the privilege tax herein required and levied, together with ten per cent of the tax per annum for each year or fraction thereof of delinquency as a penalty or interest . . . ."

This section relieves the plaintiff of the penalty of having her suit dismissed for failing to pay the license, provided she has "paid the privilege tax herein required . . . . together with ten per cent of the tax per annum for each year or fraction thereof of delinquency."

The record shows that the plaintiff has paid the privilege tax for the year 1926. Now, does it affirmatively show that she had not paid and was due a tax, for the year 1925? We have stated above that she was engaged in soliciting prospective purchasers and endeavoring to make sale of the property in 1925, by personal solicitation and by newspaper advertisement. We are of the opinion that she was exercising a privilege in that year. Does it affirmatively appear that she has not procured a license to do a real estate business for the year 1925? The plaintiff was called as a witness, after first testifying, and she then established clearly that she had not secured a license for the year 1925. The fact that she was delinquent for the year 1925, Section 14 of the Revenue Act does not give her immunity and forbid the dismissal of her suit for the failure to discharge this obligation.

The plaintiff is more fortunate than some who have failed to pay their license, for she has had the verdict of a jury upon two of the counts of the declaration, and these went to the merits of the controversy.

The judgment of the lower court is affirmed, with costs.

Snodgrass and Thompson, JJ., concur.